**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-05508

**FAUNUS IP HOLDINGS LLC,**

Plaintiff,

v.

**COCHLEAR LIMITED,**
**A Foreign Corporation**

**and**

**COCHLEAR AMERICAS,**
**a Delaware Corporation**

Defendants.

**JURY TRIAL DEMANDED**

**PATENT CASE**

---

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

---

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Faunus IP Holdings LLC ("Faunus" or "Plaintiff"), by way of this Complaint against Defendants Cochlear Limited and Cochlear Americas (collectively, "Cochlear" or "Defendants"), alleges as follows:

## PARTIES

1. Plaintiff Faunus IP Holdings LLC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 1708 Harrington Lane, Plano, Texas 75075.

2. Defendant Cochlear Limited is an Australian company with an address at 1 University Avenue, Macquarie University, NSW, 2109, Australia.

3. Defendant Cochlear Americas is a Delaware corporation and is a United States wholly owned subsidiary of Cochlear Limited. Cochlear Americas has a principal place of business at 13059 East Peakview Avenue, Centennial, Colorado 80111.

4. On information and belied, Defendants, though their online store, directly and/or indirectly distributes, markets, offers to sell, and/or sells the Accused Products in the Unites States and/or import the Accused Products into the United States, including in this District, and otherwise directs infringing activities to this District in connection with the Accused Products.

## JURISDICTION AND VENUE

5. This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by Cochlear of claims of U.S. Patent Nos. 9,172,345; 9,711,127; 9,871,496; and 10,347,232 (collectively "the Patents-in-Suit").

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants because Defendants have (i) availed themselves of the rights and benefits of the laws of the State of Colorado, (ii) transacted, conducted, and/or solicited business and engaged in a persistent course of conduct in the State of Colorado (and in this District), (iii) derived substantial revenue from the sales and/or use of products, such as the Accused Products, in the State of Colorado (and in this District), (iv) purposefully directed activities (directly and/or through intermediaries), such as shipping, distributing, offering for sale, selling, and/or advertising the Accused Products, at residents of the State of Colorado (and residents in this District), (v) delivered Accused Products into the stream of commerce with the expectation that the Accused Products will be used and/or purchased by

consumers in the State of Colorado (and in this District), and (vi) committed acts of patent infringement in the State of Colorado (and in this District).

8. Venue is proper as to Cochlear Ltd., in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because, inter alia, Cochlear Ltd., is a foreign corporation and suits against foreign entities are proper in any judicial district

9. Venue is proper as to Cochlear Americas in this District under 28 U.S.C. § 1400(b) because, *inter alia*, on information and belief, Cochlear Americas has an established place of business in this District and has committed acts of infringement in the District and/or has contributed to or induced acts of patent infringement by others in this District.

10. Cochlear has infringed and continues to infringe the Patents-in-Suit by making, using, selling, or offering for sale in the United States, or importing into the United States, at least, earbuds and hearing devices claimed in the Patents-in-Suit.

## PATENTS-IN-SUIT

### U.S. PATENT NO. 9,172,345

11. On October 27, 2015, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,172,345 ("the '345 Patent"), entitled "Personalized adjustment of an audio device." The '345 Patent is attached as Exhibit 1.

12. Plaintiff is the owner of all rights, title, and interest in and to the '345 Patent, with the full and exclusive right to bring suit to enforce the '345 Patent, including the right to recover for past infringement.

13. The '345 Patent is valid and enforceable under United States Patent Laws.

14. The '345 Patent recognizes that conventional audio devices are deficient because different individuals exhibit unique hearing sensitivities that cannot be addressed by standard

equalizers or volume controls, which can introduce distortion without improving clarity (Ex. 1 at 1:25-30, 1:47-62). The inventors of the '345 Patent understood it was more desirable to provide "adjustment of audio effects to personalize the audio device for a given individual based on an audio sensitivity of the ears of the individual." (*Id.* at 2:15-19). The invention enables a system where a user first enters a tuning mode to establish a "minimum perceptible level" of hearing across multiple frequency bands, creating a unique auditory profile that is stored in the device. (*Id.* at 2:19-22, 6:1-20). As one non-limiting example, the '345 Patent explains that once the device is tuned, it can "monitor environmental noise and automatically adjust the hearing level of the user," ensuring that the signal level in each frequency band remains perceptible to that specific user regardless of the listening environment. (*Id.* at 2:28-33). Such methods of creating a personalized hearing profile and then using it to dynamically adjust for environmental noise were not realized in prior art systems.

**U.S. PATENT NO. 9,711,127**

15. On July 18, 2017, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,711,127 ("the '127 Patent"), entitled "Multi-sensor signal optimization for speech communication." The '127 Patent is attached as Exhibit 2.

16. Plaintiff is the owner of all rights, title, and interest in and to the '127 Patent, with the full and exclusive right to bring suit to enforce the '127 Patent, including the right to recover for past infringement.

17. The '127 Patent is valid and enforceable under United States Patent Laws.

18. The '127 Patent recognizes that conventional audio devices are deficient because environmental factors, such as wind and ambient noise, frequently degrade speech quality to an extent that renders traditional microphones and static filters unusable for robust communication

(Ex. 2 at 1:40-45, 6:34-41). The inventors of the ‘127 Patent understood it was more desirable to provide “multi-sensor signal optimization for speech communication” to facilitate uninterrupted voice clarity for users in motion (Id. at 2:3-8). The invention enables a system where the device utilizes a sensor component including acoustic sensors to determine noise levels for individual sensors and a spatial filter output, creating a weighted combination of noise information that is optimized in real-time. (Id. at 2:24-30, 7:25-28). A one non-limiting example, the ‘127 Patent explains that the audio processing component can “generate filtered sound information based on… a spatial filter associated with the acoustic sensors,” ensuring that voice signals are isolated from interference regardless of the external environment. (Id. at 2:21-30, 7:17-24). Such methods of using spatial filtering and multi-sensor noise weighting to dynamically adjust for extreme environmental noise were not realized in prior art systems.

**U.S. PATENT NO. 9,871,496**

19. On January 16, 2018, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,871,496 (“the ’496 Patent”), entitled “Personalized adjustment of an audio device.” The ‘496 Patent is attached as Exhibit 3.

20. Plaintiff is the owner of all rights, title, and interest in and to the ‘496 Patent, with the full and exclusive right to bring suit to enforce the ‘496 Patent, including the right to recover for past infringement.

21. The ‘496 Patent is valid and enforceable under United States Patent Laws.

22. The ‘496 Patent addresses the deficiencies of conventional audio equalizers and volume controls, which are unable to equalize the hearing sensitivity of individual users and often lead to signal saturation or distortion. (Ex. 3 at 1:28-62). The inventors of the ‘496 Patent recognized the need for a more personalized approach to audio adjustment, proposing a system

that facilitates user adjustment of an audio effect to match the unique hearing sensitivity of a user. (Id. at 2:19-31). The invention enables an embedded sensor architecture when an audio processing component can maximize voice quality while minimizing noise effects by evaluating environmental audio. (Id. at 2:63-3:3). As one non-limiting example, the '496 Patent describes how an audio device can determine a hearing threshold and dynamic range for a user, compare these to theoretical norms, and then "adjust the audio effect in accordance with the minimum perceptible level" based on environmental noise. (Id. at Abstract). This adaptive method of personalizing and automatically adjusting the signal provides a significant improvement over prior art systems that relied on static volume and equalization techniques.

**U.S. Patent No. 10,347,232**

23. On July 9, 2019, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 10,347,232 ("the '232 Patent"), entitled "Multi-sensor signal optimization for speech communication." The '232 Patent is attached as Exhibit 4.

24. Plaintiff is the owner of all rights, title, and interest in and to the '232 Patent, with the full and exclusive right to bring suit to enforce the '232 Patent, including the right to recover for past infringement.

25. The '232 Patent is valid and enforceable under United States Patent Laws.

26. The '232 Patent addresses the deficiencies of conventional speech processing systems, which are often rendered unusable by environmental noise, such as wind noise. (Ex. 4 at 1:48-53). The inventors of the '232 Patent recognized the need for a more dynamic approach to signal optimization, proposing a system that intelligently selects from or combines multiple audio streams to enhance speech clarity (*Id.* at 2:11-17). The invention enables a multi-sensor architecture where an audio processing component can generate a superior output by evaluating

several sources. (*Id.* at 2:26-38). As one non-limiting example, the '232 Patent describes how an audio processing component can generate filtered sound information using a spatial filter, determine distinct noise levels for the original sound information from each sensor as well as for the filtered sound information, and then "generate output sound information based on a selection of one for the noise levels, or a weighted combination of the noise levels." (*Id.* at 2:26-38). This adaptive method of comparing and selecting the optimal signal provides a significant improvement over prior art systems that relied on static filtering techniques.

**COUNT I: INFRINGEMENT OF THE 9,172,345 PATENT BY COCHLEAR**

27. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

28. On information and belief, Cochlear has infringed and is infringing the '345 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States the Cochlear Nucleus 8 Nexa, among other substantially similar products (collectively, "the '345 Accused Products").

29. As just one non-limiting example, set forth in Exhibit 5 is an exemplary claim chart evidencing Defendants' infringement of claim 1 of the '345 Patent in connection with the '345 Accused Products (*e.g.,* the Cochlear Nucleus 8 Nexa). This description is based on publicly available information. Faunus reserves the right to modify this description, including, for example, on the basis of information about the '345 Accused Products that it obtains during discovery.

30. On information and belief, Cochlear has induced infringement of the '345 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the '345 Accused Products by, among other things, providing the '345 Accused Products

and incorporated technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products. (*See* Exhibit 5). Cochlear has known that the use of the '345 Accused Products infringed claim 1 of the '345 Patent as of the filing and service of the Complaint.

31. On information and belief, Cochlear has infringed the '345 Patent pursuant to 35 U.S.C. § 271(g), literally or under the doctrine of equivalents, by importing into the United States or offering to sell, selling, or using within the United States the '345 Accused Products and all other substantially similar products contained therein which are made by a patented process claimed by the '345 Patent.

32. On information and belief, Cochlear has committed the foregoing infringing activities without a license.

33. Plaintiff has been damaged as a result of Defendants' infringement of claim 1 of the '345 Patent. Cochlear is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendants' infringement of the '345 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

34. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in active concert therewith from infringing the '345 Patent, Plaintiff will be greatly and irreparably harmed.

35. Plaintiff does not manufacture, use, sell, or offer for sale any product covered by the '345 Patent. Plaintiff has complied with the marking statute 35 U.S.C. §287.

## COUNT II: INFRINGEMENT OF THE 9,711,127 PATENT BY COCHLEAR

36. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37. On information and belief, Cochlear has infringed and is infringing the '127 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States the Cochlear Nucleus 8 Nexa, among other substantially similar products (collectively, "the '127 Accused Products").

38. As just one non-limiting example, set forth in Exhibit 6 is an exemplary claim chart evidencing Defendants' infringement of claim 1 of the '127 Patent in connection with the '127 Accused Products (*e.g.,* the Cochlear Nucleus 8 Nexa). This description is based on publicly available information. Faunus reserves the right to modify this description, including, for example, on the basis of information about the '127 Accused Products that it obtains during discovery.

39. On information and belief, Cochlear has induced infringement of the '127 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the '127 Accused Products by, among other things, providing the '127 Accused Products and incorporated technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products. (*See* Exhibit 6). Cochlear has known that the use of the '127 Accused Products infringed claim 1 of the '127 Patent as of the filing and service of the Complaint.

40. On information and belief, Cochlear has infringed the '127 Patent pursuant to 35 U.S.C. § 271(g), literally or under the doctrine of equivalents, by importing into the United States or offering to sell, selling, or using within the United States the '127 Accused Products and all

other substantially similar products contained therein which are made by a patented process claimed by the ’127 Patent.

41. On information and belief, Cochlear has committed the foregoing infringing activities without a license.

42. Plaintiff has been damaged as a result of Defendants’ infringement of claim 1 of the ‘127 Patent. Cochlear is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendants’ infringement of the ‘127 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

43. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in active concert therewith from infringing the ‘127 Patent, Plaintiff will be greatly and irreparably harmed.

44. Plaintiff does not manufacture, use, sell, or offer for sale any product covered by the ‘127 Patent. Plaintiff has complied with the marking statute 35 U.S.C. §287.

**COUNT III: INFRINGEMENT OF THE 9,871,496 PATENT BY COCHLEAR**

45. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

46. On information and belief, Cochlear has infringed and is infringing the ’496 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States the Cochlear Nucleus 8 Nexa, among other substantially similar products (collectively, “the ‘496 Accused Products”).

47. As just one non-limiting example, set forth in Exhibit 7 is an exemplary claim chart evidencing Defendants’ infringement of claim 1 of the ‘496 Patent in connection with the ‘496 Accused Products (*e.g.,* the Cochlear Nucleus 8 Nexa). This description is based on publicly

available information. Faunus reserves the right to modify this description, including, for example, on the basis of information about the '496 Accused Products that it obtains during discovery.

48. On information and belief, Cochlear has induced infringement of the '496 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the '496 Accused Products by, among other things, providing the '496 Accused Products and incorporated technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products. (*See* Exhibit 7). Cochlear has known that the use of the '496 Accused Products infringed claim 1 of the '496 Patent as of the filing and service of the Complaint.

49. On information and belief, Cochlear has infringed the '496 Patent pursuant to 35 U.S.C. § 271(g), literally or under the doctrine of equivalents, by importing into the United States or offering to sell, selling, or using within the United States the '496 Accused Products and all other substantially similar products contained therein which are made by a patented process claimed by the '496 Patent.

50. On information and belief, Cochlear has committed the foregoing infringing activities without a license.

51. Plaintiff has been damaged as a result of Defendants' infringement of claim 1 of the '496 Patent. Cochlear is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendants' infringement of the '496 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

52. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in active concert therewith from infringing the ‘496 Patent, Plaintiff will be greatly and irreparably harmed.

53. Plaintiff does not manufacture, use, sell, or offer for sale any product covered by the ‘496 Patent. Plaintiff has complied with the marking statute 35 U.S.C. §287

**COUNT IV: INFRINGEMENT OF THE 10,347,232 PATENT BY COCHLEAR**

54. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

55. On information and belief, Cochlear has infringed and is infringing the ‘232 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States the Cochlear Nucleus 8 Nexa, among other substantially similar products (collectively, the “the ‘232 Accused Products”).

56. As just one non-limiting example, set forth in Exhibit 8 is an exemplary claim chart evidencing Defendants’ infringement of claim 1 of the ’232 Patent in connection with the ‘232 Accused Products (*e.g.,* the Cochlear Nucleus 8 Nexa). This description is based on publicly available information. Faunus reserves the right to modify this description, including, for example, on the basis of information about the ‘232 Accused Products that it obtains during discovery.

57. On information and belief, Cochlear has induced infringement of the ’232 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the ‘232 Accused Products by, among other things, providing the ‘232 Accused Products and incorporated technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and

maintenance of said products. (*See* Exhibit 8). Cochlear has known that the use of the ‘232 Accused Products infringed claim 1 of the ‘232 Patent as of the filing and service of the Complaint.

58. On information and belief, Cochlear has committed the foregoing infringing activities without a license.

59. Plaintiff has been damaged as a result of Defendants’ infringement of claim 1 of the ‘232 Patent. Cochlear is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendants’ infringement of the ‘232 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

60. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in active concert therewith from infringing the ‘232 Patent, Plaintiff will be greatly and irreparably harmed.

61. Plaintiff does not manufacture, use, sell, or offer for sale any product covered by the ‘232 Patent. Plaintiff has complied with the marking statute 35 U.S.C. §287.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Faunus prays for judgment in its favor against Cochlear for the following relief:

A. Entry of judgment in favor of Faunus against Cochlear on all counts;

B. Entry of judgment that Cochlear has infringed, directly and indirectly, and either literally and/or under the doctrine of equivalents, the asserted claims of the Patents-in-Suit;

C. Entry of judgment that Cochlear's infringement of the Patents-in-Suit has been willful;

D. An order preliminarily and permanently enjoining Cochlear from infringing the Patents-in-Suit;

E. Award of compensatory damages adequate to compensate Faunus for Cochlear's infringement of the Patents-in-Suit, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

F. Award of reasonable attorneys' fees and expenses against Cochlear pursuant to 35 U.S.C. § 285;

G. Faunus' costs;

H. Pre-judgment and post-judgment interest on Faunus' award; and

I. All such other and further relief as the Court deems just or equitable.

Dated: October 26, 2026

Respectfully submitted,

*<u>/s/ Steven G. Kalberg</u>*
David R. Bennett (Illinois Bar No. 6244214)
Steven G. Kalberg (Illinois Bar No. 6336131)
(*Admitted U.S.D.Ct. District of Colorado*)
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com

Neal G. Massand (Texas Bar No. 24039038)
nmassand@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Attorneys for Plaintiff*
*Faunus IP Holdings LLC*